IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ronald G. Dierdorf, JR.,	Case No. 3:05CV7488

      Plaintiff

v.	ORDER

Hancock County Sheriff's Dep't, et al.,

      Defendant

      This is a pro se suit by a prisoner confined in an Ohio penal institution. He claims that he was beaten by two other inmates while he was confined in the Hancock County Jail. He has sued the Hancock County Sheriff's Department, the County Sheriff, the County Commissioners, and John Doe defendants [individual employees of the Sheriff's Department].

      Pending is the defendants' motion to dismiss. For the reasons that follow, it shall be granted.

      The gravamen of plaintiff's complaint is that unknown members of the Sheriff's Department made the nature of his crime known to other inmates, thereby provoking them to the assault on the plaintiff. He claims that the defendants were deliberately indifferent to his well-being, and, in effect, that disclosure of his crime to other inmates foreseeably would cause him to be harmed.

      Plaintiff's allegations are entirely conclusory. Though great leeway is to be given to pro se complaints, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), that does not excuse the pro se plaintiff

entirely from at least alleging something more about the conduct and its cause and effect. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.1989) (holding that more than bare assertions of legal conclusions are ordinarily required to satisfy federal notice pleading requirements).

Plaintiff does not indicate how and why he has come to believe that the assault resulted from disclosure of his crime to other inmates. His allegations are, at bottom, simply speculative. This is not sufficient, even under the liberal pleading standards afforded to pro se plaintiffs. Most simply put, courts are not willing to abrogate entirely basic pleading essentials in pro se suits. *Id.*

In any event, plaintiff has failed to state a claim against either the County, Sheriff's Department, Commissioners or Sheriff. Plaintiff attributes no direct involvement by the Sheriff or Commissioners or other basis for holding them liable; thus, his complaint fails as to them. *See generally Rizzo v. Goode*, 423 U.S. 362 (1976). He does not allege, much less support such allegation, that the County or Sheriff's Department acted in furtherance of an civic or institutional policy. The complaint thus likewise fails as to those entities. *See generally Monell v. Department of Social Services*, 436 U.S. 658 (1978).

Plaintiff's complaint fails to state a claim against any of the defendants. It is, accordingly,

ORDERED THAT the motion of the defendants to dismiss be, and the same hereby is granted.

Accordingly, this action is dismissed.  Further, the court certifies, pursuant to 28 U.S.C. 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So ordered.

                                                                    s/James G. Carr
James G. Carr
Chief Judge